Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Jeffrey D. Klein, Esq. (SBN 297296)
Javad Tahbazsalehi, Esq. (SBN 329227)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Email: jlavi@lelawfirm.com
vgranberry@lelawfirm.com
jklein@lelawfirm.com
jtahbaz@lelawfirm.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSUE SERMENO, on behalf of himself and others similarly situated,

Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY; and DOES 1 to 100, inclusive,

Defendants.

Case No.: 8:25-cv-01892-AH-(MARx)

**CLASS ACTION**

**PLAINTIFF JOSUE SERMENO'S FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**

1. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**
2. **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**
3. **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7**
4. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

**5. FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

**6. UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff JOSUE SERMENO ("Plaintiff"), who alleges and complains on information and belief except as to those allegations relating to Plaintiff himself which are asserted on personal knowledge, against Defendant INTERNATIONAL PAPER COMPANY and DOES 1 to 100, inclusive (collectively, "Defendants") as follows:

## I. INTRODUCTION

1. This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage; failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II. JURIDISCTION AND VENUE

2. This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage; failure to

authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; statutory penalties for failure to provide accurate wage statements, statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for injunctive relief and restitution under California Business and Professions Code sections 17200, *et seq.*, for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and putative class members in locations throughout California, including but not limited to Orange County, at 6211 Descanso Ave, Buena Park, CA 90620; more than two-thirds of putative class members are California citizens; the principal violations of California law occurred in California; the conduct of Defendants forms a significant basis for Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek significant relief from Defendants.

## III. PARTIES

3. Plaintiff brings this action on behalf of himself, and other members of the general public similarly situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

4. Defendants employed Plaintiff as an hourly non-exempt employee from in or around November of 2022, until on or about January 21, 2025.

5. Plaintiff is informed and believes and thereon alleges that Defendants employed him and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims

asserted in this matter.

6. Plaintiff is informed and believes and thereon alleges that Defendant INTERNATIONAL PAPER COMPANY is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-50 are, and at all times relevant hereto were persons acting on behalf of Defendant in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant INTERNATIONAL PAPER COMPANY operates in Orange County and employed Plaintiff and putative class members in Orange County, including but not limited to, at 6211 Descanso Ave, Buena Park, CA 90620.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 51-100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, supervisor, independent contractor and/or employee of each Defendants and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

8. Plaintiff is unaware of the true names of Defendants DOES 1-100. Plaintiff sues said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

9. Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a

joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Defendants INTERNATIONAL PAPER COMPANY and DOES 1 to 100, inclusive.

10. At all times mentioned herein, each Defendants was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

11. Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## IV. DESCRIPTION OF ILLEGAL PAY PRACTICES

12. Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations, title 8, section 11010, Defendants are employers of Plaintiff within the meaning of Wage Order 1 and applicable Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the Labor Code.

13. **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly

non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

14. Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

15. Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) "Rounding down" or "shaving down" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest minute based on if the second count was over or under approximately 30 seconds during any given minute, to the benefit of Defendants.

(b) Requiring Plaintiff and similarly situated employees to don and doff their uniform items, including work boots, prior to clocking in and after clocking out for their shifts.

(c) Requiring Plaintiff and similarly situated employees to wait in lines while off-the-clock during their meal breaks, to clock back in on time.

16. Plaintiff and similarly situated employees were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked.

17. Therefore, Defendants suffered, permitted, and required their hourly non-exempt employees to be subject to Defendants' control without paying wages

for that time. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 1.

18. **Failure to authorize or permit all legally required and compliant meal periods and/or failure to pay meal period premium wages:** Defendants often employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length.

19. California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code section 512; Wage Order 1, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 1, §11.

20. Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated

employees of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a) Failing to provide Plaintiff and similarly situated employees timely, uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked;

(b) Requiring Plaintiff and similarly situated employees to wait in lines while off-the-clock during their meal breaks, to clock back in on time. Defendants did not elongate or otherwise extend Plaintiff's or similarly situated employees' meal break times to account for this time they had to wait in line, resulting in meal breaks there were either on duty, less than a net 30 minutes, or both; and

(c) Failing to provide Plaintiff and similarly situated employees a second uninterrupted duty-free meal period of no less than thirty (30) minutes for each workday that Plaintiff and similarly situated employees work shifts over ten (10) hours.

21. Additionally, Defendants failed to pay Plaintiff and similarly situated employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

22. Finally, on occasions when Defendants paid Plaintiff and similarly situated employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as ("sign-on bonus and/or "shift differential pay"), for

example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying meal period premium wages.

23. The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

24. **Failure to authorize and permit all legally required and compliant rest periods and/or failure to pay rest period premiums:** Defendants often employed non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts of least three-and-a-half (3.5) hours.

25. California law requires every employer to authorize and permit an employee a rest period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code section 226.7; Wage Order 1, §12. If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id*. Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7; Wage Order 1, §12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order 1, §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

26. In this case, Plaintiff and similarly situated employees regularly worked

shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees. Such policies, practices, and/or procedures included, but were not limited to:

(a) Failing to provide Plaintiffs and similarly situated employees with net ten (10) minute rest breaks for every four (4) hours worked or major fraction thereof; and

(b) Requiring Plaintiff and similarly situated employees to travel to and from a suitable break area away from their workstations during their rest breaks. Defendants did not elongate or otherwise extend Plaintiff's or similarly situated employees' rest break times to account for travel time between their workstations and the suitable break area, resulting in rest breaks that were either on duty, less than a net 10 minutes, or both.

(c) Failing to provide Plaintiff and similarly situated employees a third uninterrupted duty-free rest break of no less than ten (10) minutes for each workday that Plaintiff and similarly situated employees work shifts over ten (10) hours.

27. Requiring Plaintiff and similarly situated employees to travel to a designated area away from their workstations during their Rest periods. Defendants did not elongate or otherwise extend Plaintiff's or similarly situated employees' Rest period times to account for travel time between their workstations and the designated break area resulting in Rest periods less than a net 10-minutes.

28. Additionally, Defendants failed to pay Plaintiff and similarly situated employees a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant rest periods. Defendants employed policies and procedures which ensured that employees did not receive any rest period premium

wages to compensate them for workdays in which they did not receive all legally required and compliant rest periods.

29. Finally, on occasions when Defendants did pay Plaintiff and similarly situated employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such ("sign-on bonus" and/or "shift differential pay"), for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying rest period premiums.

30. The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant rest periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

31. **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by

the employee."

32. As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

33. **Failure to timely pay final wages**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202.

34. As a result of the aforementioned violations of the Labor Code, Plaintiff alleges that he, and on information and belief, other similarly situated employees, were not paid their final wages in a timely manner as required by Labor Code section 203. Minimum wages for all hours worked, meal period premium wages, and/or rest period premium wages (all described above), were not paid at the time of Plaintiff's and other similarly situated employees' separation of employment, whether voluntarily or involuntarily, as required by Labor Code sections 201, 202, and 203.

## V. CLASS DEFINITIONS AND CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of himself, on behalf of others similarly situated, and on behalf of the general public, and as members of a Class, taking into account the August 11, 2023 end date for the class settlement period for the past-settled case *Gutierrez v. International Paper Company*, Case No. 2:22-cv-08460, defined as follows:

A. **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time

from August 12, 2023 through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

B. **Meal Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from August 12, 2023 through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

C. **Meal Period Premium Wages Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from August 12, 2023 through the date notice is mailed to a certified class who received additional remuneration during pay periods in which they were paid meal period premium wages and whose regular rate of pay did not include such additional remuneration when Defendants calculated those employees' meal period premium wages.

D. **Rest Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from August 12, 2023 through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

E. **Rest Period Premium Wages Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from August 12, 2023 through the date notice is mailed to a certified class who

received additional remuneration during pay periods in which they were paid rest period premium wages and whose regular rate of pay did not include such additional remuneration when Defendants calculated those employees' rest period premium wages.

F. **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

G. **Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from August 12, 2023 through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

H. **California Class**: All aforementioned classes are herein collectively referred to as the "California Class."

36. There is a well-defined community of interest in the litigation and the classes are ascertainable:

A. **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i. Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

ii. Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Class Members without providing all compliant and/or required meal periods and/or paying meal period premium wages;

iii. Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Premium Wages Class Members without paying meal period premium wages at the proper rate;

iv. Whether Defendants violated Labor Code section 226.7 by employing the Rest Period Class Members without providing all compliant and/or required rest periods and/or paying rest period premium wages;

v. Whether Defendants violated Labor Code section 226.7, as well as the applicable Wage Order, by employing the Rest Period Premium Wages Class Members without paying rest period premium wages at the proper rate;

vi. Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statements at the time they received their itemized statements;

vii. Whether Defendants failed to provide the Waiting Time Class Members with all of their earned wages upon separation of employment within the statutory time period;

viii. Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code sections 17200, *et seq.*;

ix. Whether Class Members are entitled to unpaid wages, penalties, and other relief pursuant to their claims;

x. Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

xi. Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and as to Class Members as a whole.

C. **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees were subject to Defendants' control. Plaintiff and members of the Meal Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required meal periods and/or meal periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as compensation. Plaintiff and members of the Rest Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required rest periods and/or rest periods that were duty-free and of a net ten (10) minutes and/or failure to pay rest period premium wages as compensation. Plaintiff and members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with Labor Code section 226. Plaintiff and members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D. **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F. **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references or by other means. Class actions provide the class members who are not named in the Complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197

**(Against All Defendants by Plaintiff and the Minimum Wage Class)**

37. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

38. At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class were hourly non-exempt employees of Defendants.

39. Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours

worked, i.e., all time they were subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

40. Defendants' policies, practices, and/or procedures required Plaintiff and the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

41. Defendants employed policies, practices, and/or procedures including, but not limited to:

(a) Defendant "Rounding down" or "shaving down" Plaintiff and the Minimum Wage Class total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest minute based on if the second count was over or under approximately 30 seconds, to the benefit of Defendants.

(b) Requiring Plaintiff and similarly situated employees to don and doff their uniform items, including work boots, prior to clocking in and after clocking out for their shifts.

(c) Requiring Plaintiff and similarly situated employees to wait in lines while off-the-clock during their meal breaks, to clock back in on time.

(a) Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

42. As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

43. Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and

attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7

**(Against All Defendants by Plaintiff, the Meal Period Class and the Meal Period Premium Wage Class)**

44. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

45. At all times relevant to this Complaint, Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and the Wage Order.

46. California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquihes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code sections 226.7, 512; Wage Order 1, §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

47. In this case, Plaintiff and the Meal Period Class worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their

failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a) Failing to provide Plaintiff and the Meal Period Class timely, uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked;

(b) Requiring Plaintiff and similarly situated employees to wait in lines while off-the-clock during their meal breaks, to clock back in on time. Defendants did not elongate or otherwise extend Plaintiff's or similarly situated employees' meal break times to account for this time they had to wait in line, resulting in meal breaks there were either on duty, less than a net 30 minutes, or both; and

(c) Failing to provide Plaintiff and the Meal Period Class a second uninterrupted duty-free meal period of no less than thirty (30) minutes for each workday that Plaintiff and the Meal Period Class shifts over ten (10) hours.

48. Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Meal Period Class with premium wages when they did not receive all legally required and legally compliant meal periods.

49. Finally, on occasions when Defendants paid Plaintiff and the Meal Period Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Meal Period Premium Wages Class' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as ("sign-on bonus and/or "shift differential pay"), for example, when calculating Plaintiff's and the Meal Period Premium Wages Class' regular rate of pay for the purpose of paying

meal period premiums.

50. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class and such conduct has continued through the filing of this Complaint.

51. Because Defendants failed to provide employees with meal periods in compliance with the law, Defendants are liable to Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code section 226.7 and the Wage Order.

52. Plaintiff, on behalf of himself Meal Period Class, and the Meal Period Premium Wages Class seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

## THIRD CAUSE OF ACTION

## FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7

**(Against All Defendants by Plaintiff, Rest Period Class, and the Rest Premium Wages Class)**

53. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

54. At all times relevant to this Complaint, Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class were employees of Defendants, covered by Labor Code section 226.7 and Wage Order 1.

55. California law requires that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

hours or major fraction thereof…." Wage Order 1, §12. Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum*) (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc*., (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id*. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." Wage Order 1, §12; Labor Code section 226.7.

56. In this case, Plaintiff and the Rest Period Class regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures included, but were not limited to:

(a) Failing to provide Plaintiff and the Rest Period Class with net ten (10) minute rest breaks for every four (4) hours worked or major fraction thereof; and

(b) Requiring Plaintiff and the Rest Period Class to travel to and from a suitable break area away from their workstations during their rest breaks. Defendants did not elongate or otherwise extend Plaintiff and the Rest Period Class rest break times to account for travel time between their workstations and the suitable break area resulting in rest breaks that were either on duty, less than a net 10 minutes, or both.

(c) Failing to provide Plaintiff and the Rest Period Class a third uninterrupted duty-free rest break of no less than ten (10) minutes for each workday

that Plaintiff and the Rest Period Class work shifts over ten (10) hours.

57. Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant rest periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Rest Period Class with premium wages when they did not receive all legally required and legally compliant rest periods.

58. Further, on occasions when Defendants did pay Plaintiff and the Rest Period Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Rest Period Premium Wages Class regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as ("sign-on bonus and/or "shift differential pay"), for example, when calculating Plaintiff's and the Rest Period Premium Wages Class regular rate of pay for the purpose of paying rest period premiums.

59. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Rest Period Class and such conduct has continued through the filing of this Complaint.

60. Because Defendants failed to provide employees with rest periods in compliance with the law, Defendants are liable to Plaintiff and the Rest Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant rest periods, pursuant to Labor Code section 226.7 and the Wage Order.

61. Plaintiff, on behalf of himself and the Rest Period Class seeks damages and all other relief allowable, including a rest period premium wage for each workday Defendants failed to provide all legally required and legally compliant rest periods, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION

**FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

**(Against All Defendants by Plaintiff and the Wage Statement Class)**

62. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

63. At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

64. Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

65. As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

66. Defendants provided Plaintiff and the Wage Statement Class with

itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

67. Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

68. As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

69. Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

70. Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure

Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code section 226(a).

71. Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage Statement Class are entitled to recover the full amount of penalties due under section 226(e), reasonable attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

**(Against All Defendants by Plaintiff and the Waiting Time Class)**

72. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

73. At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were employees of Defendants, covered by Labor Code sections 201 and 202.

74. An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202. If an employee gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation. *Id*.

75. Defendants failed to pay Plaintiff and on information and belief, the Waiting Time Class, with all wages earned and unpaid prior to separation of employment, in accordance with either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the

limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

76. Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages earned prior to separation of employment timely in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for all overtime hours worked, meal period premium wages, and/or rest period premium wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

77. Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants have yet to pay them.

78. Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

79. As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

80. As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code section 203.

81. Plaintiff and the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code section 203,

and interest thereon, and reasonable attorney's fees and costs under Labor Code section 218.5.

**SIXTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**(Against All Defendants by Plaintiff and the California Class)**

82. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

83. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. This unfair conduct includes Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; failure to provide accurate wage and hour statements; and failure to timely pay all wages due upon separation of employment. Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay minimum wages for all hours worked; pay overtime wages for all overtime hours worked; authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; provide accurate wage and hour statements; and timely pay all wages due upon separation of employment.

84. As a result of Defendants' unfair competition as alleged herein, Plaintiff and the California Class have suffered injury in fact and lost money or property, as described in more detail above.

85. Pursuant to Business and Professions Code section 17203, Plaintiff and the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein, along with reasonable attorney's fees and costs under Code of Civil Procedure section 1021.5 and other applicable statutes.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:**

1. That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2. That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3. For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4. For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

**ON THE FIRST CAUSE OF ACTION:**

1. That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2. For damages, according to proof, including but not limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For liquidated damages pursuant to Labor Code section 1194.2;

5. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6. For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

8. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1. That Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

2. For damages, according to proof, including unpaid premium wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

5. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1. That Defendants be found to have violated the rest period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

2. For damages, according to proof, including unpaid premium wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest, including but not limited to that recoverable

under Labor Code section 218.6, and post-judgment interest; and

5. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1. That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

2. For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable damages or penalties;

3. For pre-judgment interest and post-judgment interest;

4. For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code section 226, subdivision (a);

5. For attorneys' fees and costs of suit, including but not limited to those recoverable under Labor Code section 226, subdivision (e); and

6. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FIFTH CAUSE OF ACTION:**

1. That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2. For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3. For pre-judgment interest, including under Labor Code section 218.6, and post-judgment interest;

4. For attorneys' fees and costs of suit, including but not limited to that

recoverable under Labor Code section 218.5; and

5. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SIXTH CAUSE OF ACTION:**

1. That Defendants be found to have violated Business and Professions Code sections 17200, *et seq*., for the conduct alleged herein as to the California Class;

2. A declaratory judgment that the practices complained herein are unlawful;

3. An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4. For restitution to the full extent permitted by law;

5. For attorneys' fees and costs of suit, including but not limited to that recoverable under Code of Civil Procedure section 1021.5; and

6. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: October 17, 2025

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: *_____/s/ Javad TahbazSalehi___*
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Jeffrey D. Klein, Esq.
Javad TahbazSalehi, Esq.
Attorneys for Plaintiff
JOSUE SERMENO,
on behalf of himself and others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff JOSUE SERMENO demands a trial by jury for himself and the California Class on all claims so triable.

Dated: October 17, 2025

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: *_____/s/ Javad TahbazSalehi___*
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Jeffrey D. Klein, Esq.
Javad TahbazSalehi, Esq.
Attorneys for Plaintiff
JOSUE SERMENO,
on behalf of himself and others similarly situated