UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01892-AH-(MARx) | Date | January 22, 2026 |
| Title | *Josue Sermeno v. International Paper Company* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE (DKT. NO. 26)

Before the Court is Plaintiff Josue Sermeno's ("Plaintiff") Motion to Remand ("Motion"). Mot., Dkt. No. 26. Defendant International Paper Company ("Defendant") filed an Opposition. Opp'n, Dkt. No. 29. Plaintiff filed a Reply. Reply, Dkt. No. 31.[1] The Court heard oral argument on January 21, 2026. For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand.

---

[1] The Court has reviewed the parties' discussion in their papers about whether they meaningfully met and conferred with respect to the issues raised in this Motion, pursuant to Local Rule 7-3. C.D. Cal. R. 7-3. The Court agrees with Defendant that had Plaintiff meaningfully met and conferred, arguments such as the use of a 100% violation rate likely would not have been made. In the interest of judicial economy and efficiency, the Court nonetheless reaches the merits of the Motion. The Court reminds the parties that failure to abide by the rules of this Court may result in sanctions in the future.

CIVIL MINUTES – GENERAL   Initials of Deputy Clerk YS

## I.    BACKGROUND

On July 21, 2025, Plaintiff filed a Complaint against Defendant in the Orange County Superior Court.  *See* Compl., Dkt. No. 1-1.  The Complaint seeks damages and restitution on behalf of Plaintiff and others similarly situated for the following violations of the California Labor Code:

1. Failure to pay wages for all hours worked at minimum wage, in violation of California Labor Code §§ 1194, 1197.
2. Failure to authorize or permit meal periods, in violation of California Labor Code §§ 512, 226.7.
3. Failure to authorize or permit rest periods, in violation of California Labor Code § 226.7.
4. Failure to provide complete and accurate wage statements, in violation of California Labor Code § 226.
5. Failure to timely pay all earned wages and final paychecks due at time of separation of employment, in violation of California Labor Code §§ 201-203.
6. Unfair business practices, in violation of Business and Professions Code Sections 17200, *et seq.*

*See generally id.*  Defendant removed the case to federal court on August 26, 2025, asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") and Section 301 of the Labor Management Relations Act ("LMRA").  Notice of Removal ("NOR"), Dkt. No. 1.[2]  Plaintiff has since filed a First Amended Complaint ("FAC").[3]  Dkt. No. 17.  On December 15, 2025, Plaintiff filed this Motion.  Dkt. No. 26.

---

[2] Defendant also filed a declaration of litigation paralegal Cissy Braslow and two collective bargaining agreement (the "CBAs") with the Teamsters District Council 2, Affiliated with the Graphic Communications Conference-International Brotherhood of Teamsters Local 388M that were, are, and will be in effect between February 1, 2021 and January 31, 2029.  *See* Braslow Decl., Dkt. No. 1-5; Ex. A, Dkt. No. 1-6; Ex. B, Dkt. No. 1-7.

[3] The FAC does not clarify the issues discussed here.

## II.    LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Pursuant to 28 U.S.C. § 1331, district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).  "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).  "[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

## III.   DISCUSSION

In its NOR and Opposition, Defendant argues that the Court has original jurisdiction over this action because (A) the requirements of CAFA are met; and, alternatively, (B) the state law claims are preempted by the LMRA.  The Court concludes that the requirements of CAFA are met, and therefore it does not address the LMRA preemption issue.

### A. CAFA

Plaintiff does not dispute that the class members number at least 100 and at least one plaintiff is diverse in citizenship from any defendant.  The parties disagree only on whether Defendant has established CAFA's $5 million amount-in-controversy requirement.

In calculating the amount-in-controversy, the defendant "is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1199). "While those assumptions cannot be pulled from thin air, they can be founded on the allegations of the complaint and do not necessarily need to be supported by evidence." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (internal quotations and citations omitted). "The district court's task is simply to determine if the defendant's 'reasoning and underlying assumptions are reasonable.'" *Id.* (quoting *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022)). "[I]t makes little sense to require a CAFA defendant to introduce evidence of the violation rate—really, the alleged violation rate—because the defendant likely believes that the real rate is zero and thus that the evidence does not exist." *Id.* "For that reason, a CAFA defendant can most readily ascertain the violation rate by looking at the plaintiff's complaint." *Id.*

Plaintiff argues that the NOR "assum[es] maximal, class wide noncompliance" by applying "100% violations to calculate unpaid minimum wages, meal and rest break premiums, non-compliant wage statements, and waiting time penalties," and ignoring certain statutory constraints. Mot. at 5. Defendant argues that the NOR actually provides conservative violation rate estimates and the lowest minimum wage possible in California during the 4-year statute of limitations, that the Complaint would nonetheless support a reasonable assumption of 100% violation rates, and that even more conservative violation rates would still satisfy the amount-in-controversy requirement. Opp'n at 1.

The Court agrees with Defendant. As the NOR notes, the Complaint does not allege violation rates for the various claims. *See* NOR at 6-8. "It may be true that the phrase[s] ['often" or 'on occasion,' as used throughout the Complaint,] could support a lower violation rate as easily as it could support the violation rate that [Defendant] assumed." *Perez*, 131 F.4th at 810. "But that does not automatically render the rate assumed by [Defendant] unreasonable." *Id.* Plaintiff offers his own conservative estimates in the Reply which calculate an amount in controversy of $3,370,441.50. Reply at 5-6. "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount.'" *Arias*, 936 F.3d at 925. Moreover, though Plaintiff insists that a 5% violation rate rather than 20% violation rate be used for certain claims, he does not provide supporting affidavits or evidence suggesting that Defendants' suggested violation

rates are unreasonable.[4]  Importantly, even a 10% violation rate for the meal and rest claims alone would satisfy the amount-in-controversy requirement here, Opp'n at 16, and the Court finds that this violation rate is reasonable in light of the information provided in the Complaint.

Accordingly, because the requirements of CAFA are met, the Court DENIES Plaintiff's Motion.[5]

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

---

[4] As the *Perez* court noted, Plaintiff "was also free to use some more specific phrase[s] than ['often" or 'on occasion'] when drafting the complaint; had [he] done so, [he] could have constrained the range of assumptions that [Defendant] could reasonably adopt."  131 F.4th at 810.
[5] Because the Court denies Plaintiff's Motion on this ground, it does not address the LMRA preemption issue, and it DENIES Plaintiff's request for attorneys' fees and costs incurred in litigating this motion.  Mot. at 8.